IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hexin Holding Limited,<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>Defendants. | ) | No. 26 C 5440 |

Memorandum Opinion and Order

Plaintiff Hexin Holding Limited sued forty defendants for infringing two of Hexin's design patents for women's shapewear. Pending before me is Hexin's motion for entry of default and default judgment against four defendants. For the following reasons, I hold Hexin's motion in abeyance and direct Hexin to file supplemental briefing demonstrating that defendants were properly joined.

I.

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "*Sua sponte* review of the propriety of joinder in Schedule A cases is a regular practice in

this district." *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-CV-1566, 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024) (citing *Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020); *Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 803 n.5 (N.D. Ill. 2024)).

A unique restriction on joinder exists in patent infringement suits. The America Invents Act provides that parties accused of patent infringement may be joined in one action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). The Act specifies that "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

Hexin has not shown that defendants are selling the "same accused product." *Id.* § 299(a)(1). The allegedly infringing products are visually distinct, *see, e.g.*, ECF 13-1 at 219, 231,

and Hexin has made no argument that the products should be considered the "same" despite the products' variations. *See Hu v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 1:23-CV-5881, 2024 WL 6890983, at *3 (N.D. Ill. Feb. 22, 2024) ("Ultimately, plaintiff has offered no legal authority for whether products can ever be considered the 'same' under § 299(a)(1) despite minor variations. Even if they could, plaintiff has not made a sufficient factual showing as to why any of the products at issue here should be considered the same despite the actual variations among the products.").

II.

For the foregoing reasons, I direct Hexin to provide supplemental briefing on whether joinder of the defendants remaining in this case is proper under 35 U.S.C. § 299 and Rule 20(a)(2) of the Federal Rules of Civil Procedure within the next twenty-one days. I hold Hexin's motion for entry of default and default judgment in abeyance until the propriety of joinder is determined.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: November 16, 2026